**In re Allen Thomas HARLAN and Kristian Leigh Harlan, Debtors.**

**Allen Thomas Harlan and Kristian Leigh Harlan, Plaintiffs.**

v.

**Rosenberg & Associates, LLC and EMC Mortgage Corporation, Defendants.**

**Bankruptcy No. 08–50132. Adversary No. 08–05056.**

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

March 25, 2009.

---

C. Connor Crook, Boyle, Bain, Reback & Slayton, Charlottesville, VA, for Plaintiffs.

Gregory T. St. Ours, Wharton, Aldhizer & Weaver, PLC, Harrisonburg, VA, Brandy M. Rapp, LeClairRyan, Roanoke, VA, for Defendants.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

At Harrisonburg in said District this 25th day of March, 2009:

This matter comes before the Court on separate motions to dismiss the above-captioned adversary proceeding filed by the Defendants, Rosenberg & Associates, LLC ("Rosenberg") and EMC Mortgage Corporation ("EMC"). Allen T. Harland and Kristian L. Harlan (the "Debtors") filed this adversary proceeding seeking actual and punitive damages and legal fees from the Defendants for their alleged violation of the discharge injunction under 11 U.S.C. § 524 and the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq.

## FACTS

The Debtors filed a Chapter 7 petition with this Court on February 19, 2008. The Defendants were properly noticed. On March 14, 2008, EMC filed a motion for relief from the automatic stay under Bankruptcy Code section 362(d) to enable EMC to enforce its rights under a note and deed of trust secured by the Debtors' residence located at 512N Bath Avenue, Waynesboro, VA 22980 (the "Residence"). The section 341(a) meeting of the creditors was held on March 18, 2008. This Court entered an order granting EMC's motion for relief on May 8, 2008. The order specifically permits EMC to commence a foreclosure proceeding against the Debtors' real property. An order discharging the Debtors from all personal liability for debts existing on the petition date was entered May 20, 2008 (the "Discharge Order").

The Debtors received a letter from EMC dated May 23, 2008 (the "1st EMC Letter") providing formal notice that the Debtors were in default under the note and deed of trust. (Am.Compl.Ex.A.) The "Servicer," identified as "EMC Mortgage Corporation," was authorized by the "Creditor," unidentified, to provide such notice. The Debtors were advised that they had to cure a default in the amount of $5,340.50, including the sum of payments, late charges, and collection expenses that accrued after the Debtors filed their bankruptcy petition. "EMC Mortgage Corporation is attempting to collect a debt" appears in the center of the letter in bold typeface. The lone indication that EMC was only attempting to enforce its in rem rights is embedded in regular font in the middle of the second paragraph: "If you received a bankruptcy discharge that included this debt, this notice is not intended and does not constitute an attempt to collect a debt against you personally."

EMC sent the Debtors a second letter dated July 22, 2008 (the "2nd EMC Letter") notifying the Debtors that EMC forwarded their account to an "attorney/trustee to immediately initiate foreclosure proceedings." (Am.Compl.Ex.B.) The "attorney/trustee" is identified as Rosenberg. The letter informs the Debtors that foreclosure actions will continue unless the loan is brought current or an alternative arrangement is agreed upon. A separate notice at the bottom of the letter states that "EMC is attempting to collect a debt and any information obtained will be used for that purpose."

The Debtors received a letter from Rosenberg dated July 24, 2008 (the "Rosenberg Letter") identifying itself as attorney for Commonwealth Trustees, LLC ("Commonwealth") and stating that

Mortgage Electronic Registration Systems, Inc. referred the loan to Rosenberg "for legal action based upon a default under the terms of the loan agreement." (Am.Compl.Ex. C.) The letter informed the Debtors that they owed $120,335.57 and that the letter "is an attempt to collect a debt and that any information obtained will be used for that purpose." The letter's final sentence states: "If you are currently in bankruptcy or your debt has been discharged in bankruptcy, Rosenberg & Associates, LLC is only exercising its rights against the property and is not attempting to hold you personally liable on this Note."

Commonwealth sent the Debtors a notice also dated July 24, 2008 (the "Commonwealth Letter") to advise them that Commonwealth "has been requested by Mortgage Electronic Registration Systems, Inc., secured party, holder of a Deed of Trust against the [Residence], to institute foreclosure proceedings against the property due to the delinquency of payments due under a Promissory Note secured by a Deed of Trust." (Am. Compl.Ex.D.) Diane S. Rosenberg, the signatory on the Rosenberg Letter, also signed on behalf of Commonwealth.

The Debtors initiated this adversary proceeding on October 7, 2008. The Debtors' bankruptcy case remains active. They filed the Amended Complaint on December 12, 2008. The Debtors allege in the First Claim of their Amended Complaint that the Defendants violated the discharge injunction of 11 U.S.C. § 524(a) in seeking to collect payment on a discharged debt and were in contempt of this Court's Discharge Order. In their Second Claim the Debtors assert that the Defendants violated provisions of the FDCPA through its post-discharge collection efforts. Both EMC and Rosenberg filed motions to dismiss this adversary proceeding. The

Court held a hearing on February 18, 2009 and took this matter under advisement.

## DISCUSSION

Rosenburg moves the Court to dismiss this adversary proceeding pursuant to Federal Rule of Civil Procedure 12(b)(1), as made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012(b), for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. EMC also moves to dismiss under Rule 12(b)(6). First, this Court must determine whether it has subject matter jurisdiction to hear the Debtors' claims. Second, the Court will decide whether the Debtors' pleading prevails over a Rule 12(b)(6) motion to dismiss for the failure to state a claim upon which relief may be granted.

### I. *Rosenberg's Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Rosenberg moved the Court to dismiss both the First Claim and the Second Claim of the Debtors' Amended Complaint on the grounds that this Court lacks subject matter jurisdiction. This Court holds that the Debtors' claim for willful violation of the discharge injunction is properly before the Court. The Court does not have subject matter jurisdiction, however, to hear the Debtors' claims under the FDCPA.

Bankruptcy courts have limited jurisdiction derived from the district courts. *Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 399 (4th Cir.1992). District courts have "original and exclusive jurisdiction of all cases under title 11," 28 U.S.C. § 1334(a), and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." § 1334(b). Each district court may, however, refer such proceedings to the bankruptcy courts pursuant to 28 U.S.C. § 157(a). *Poplar*

*Run Five Ltd. P'ship v. Va. Electric & Power Co. (In re Poplar Run Five Ltd. P'ship)*, 192 B.R. 848, 855 (Bankr.E.D.Va. 1995). The United States District Court for the Western District of Virginia referred all such cases and proceedings to the bankruptcy judges of this district by standing order dated December 6, 1994.

■■■ A bankruptcy court may "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). Absent the consent of all parties a bankruptcy court may hear, but not issue final orders in, noncore proceedings that are otherwise "related to" the bankruptcy case. § 157(c). A "core proceeding" as described in 28 U.S.C. § 157(b)(2) must "arise under" the Bankruptcy Code or "arise in" a debtor's bankruptcy case and generally involves bankruptcy administrative matters, avoidance actions, or matters concerning property of the estate. *See 1 Collier on Bankruptcy* ¶ 3.02[2] (15th ed. rev.2008); *see also Poplar Run*, 192 B.R. at 856 ("To determine whether the proceeding at hands falls within our 'core' jurisdiction, we must address whether the proceeding 'arises under' title 11, or whether it otherwise 'arises in' a case under title 11."). Therefore, this Court may "hear and determine" only those cases and core proceedings "arising under" the Bankruptcy Code or "arising in" a case under the Code. § 157(b)(1). This Court may only "hear a proceeding that is not a core proceeding but that is otherwise *related to* a case under title 11 .... [and] shall submit proposed findings of fact and conclusions of law to the district court ... [who shall enter] any final order or judgment." § 157(c)(1) (emphasis added).

■■■ Proceedings "arising under" the Bankruptcy Code are " 'only those cases in which a well-pleaded complaint establishes either that federal [bankruptcy] law cre-

ates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [bankruptcy] law.' " *Poplar Run*, 192 B.R. at 855 (alteration in original) (*quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983)). The bankruptcy court "appl[ies] the same test used for deciding whether a civil action presents a federal question under 28 U.S.C. § 1331." *Id.*

■■■ A controversy "arising in" a case under Title 11 is one "not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy." *Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 835 (4th Cir.2007) (*quoting Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir.2003) (*quoting Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.)*, 86 F.3d 364, 372 (4th Cir.1996))) (internal quotation marks omitted). A claim or proceeding "arises in" a bankruptcy case only when "it would have no practical existence *but for* the bankruptcy." *Id.* (*quoting Grausz*, 321 F.3d at 471 (*quoting Bergstrom*, 86 F.3d at 372)) (internal quotation marks omitted). This remains true even if the claim "arises *during* the pendency" of the bankruptcy case. *Id.* at 836. A claim that would exist independently of the bankruptcy proceeding is not encompassed by a bankruptcy court's "arising in" jurisdiction. *Id.*

■■ A proceeding is "related to" a bankruptcy case if such proceeding may in any way effect the administration of the bankruptcy estate. *See id.* The Fourth Circuit agrees with the Third Circuit's holding in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984), that "a civil proceeding is related to bankruptcy ... [if] the outcome of that proceeding could conceivably have any effect on the estate be-

ing administered in bankruptcy.'" *Valley Historic,* 486 F.3d at 836 (*quoting Owens–Ill., Inc. v. Rapid Am. Corp. (In re Celotex Corp.),* 124 F.3d 619, 625 (4th Cir.1997) (*quoting Pacor,* 743 F.2d at 994)).

Having discussed the bases for a bankruptcy court's jurisdiction, this Court turns its attention to the instant case. Here, the Debtors maintain that the subject matter of their complaint "arises in and is related to" their Chapter 7 case and is properly before this Court. (Am.Compl.¶ 3.)

### A. The First Claim—Willful Violation of the Section 524 Discharge Injunction.

 In their First Claim the Debtors seek redress for the Defendants' willful violation of the discharge injunction of 11 U.S.C. § 524. The Debtors allege that the Defendants were in contempt of this Court's Discharge Order by seeking to collect payment on a discharged debt.

 The discharge of a debt in bankruptcy "operates as an injunction against the commencement or continuation of an action, employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a). Section 524, however, does not prescribe the debtor a specific remedy if a creditor violates the discharge injunction.[1] Absent an express remedy, a violation of the post-discharge injunction

may only be sanctioned through a proceeding for civil contempt.[2] *Beskin v. Maupin (In re Maupin),* 384 B.R. 421, 431 (Bankr. W.D.Va.2007); *In re Jones,* 367 B.R. 564, 567 (Bankr.E.D.Va.2007). "[C]ompensatory damages, in addition to coercive sanctions, may be awarded as a sanction for civil contempt if a party willfully violates a section 524(a)(2) injunction." *Torres v. Chase Bank USA, N.A. (In re Torres),* 367 B.R. 478, 490 (Bankr.S.D.N.Y.2007). A debtor's claim to enforce the discharge injunction is a core proceeding "arising under" the Bankruptcy Code. *Beskin,* 384 B.R. at 432; *see Budget Serv. Co. v. Better Homes of Va., Inc.,* 804 F.2d 289, 292 (4th Cir.1986) (holding "that a proceeding to prosecute a violation of the automatic stay is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (2).").

Here, the Debtors' claim that the Defendants violated the discharge injunction implicates a right that exists solely because the Debtors obtained a discharge in bankruptcy. Such proceeding is a core proceeding "arising under" the Bankruptcy Code. This Court therefore has subject matter jurisdiction over the First Claim of the Debtors' Amended Complaint pursuant to 11 U.S.C. § 157(b)(1).

### B. The Second Claim—Violation of the FDCPA.

 The Debtors allege in their Second Claim that the Defendants violated

---

1. In comparison, section 362(k) of the Bankruptcy Code provides the debtor an express cause of action against creditors who willfully violate the automatic stay. 11 U.S.C. § 362(k).

2. Courts are not in agreement as to the proper method for bringing a proceeding for civil contempt. The Seventh Circuit noted that

an adversary proceeding is not the proper vehicle to present a contempt claim, as civil contempt is a method of enforcing a court order, not an independent cause of action.

The proper vehicle to enforce a court order is a motion in the original case. *Enodis Corp. v. Employers Ins. of Wausau (In re Consol. Indus. Corp.),* 360 F.3d 712, 716 (7th Cir.2004) (*citing D. Patrick, Inc. v. Ford Motor Co.,* 8 F.3d 455, 459 (7th Cir.1993)). Numerous bankruptcy courts, however, have entertained a debtor's claim against a creditor for violation of the discharge injunction in an adversary proceeding. *See e.g., Johnson v. Valley Credit Servs., Inc. (In re Johnston),* 2007 WL 1166017 (Bankr.N.D.W.Va.2007); *Gates v. Didonato (In re Gates),* 2004 WL 3237345 (Bankr.E.D.Va.2004).

sections 1692c(a)(2), 1692d, 1692e(5) and (10), and 1692f(1) of the FDCPA.[3] The Debtors argue that the Court's exercise of subject matter jurisdiction over the FDCPA claims is "proper ... as they arose from the same communications which violated the discharge and are, thus, core adversary proceedings." (Debtors' Mem. 1.) Violations of the FDCPA give rise to a private right to action that "may be brought in any appropriate United States district court ... or in any other court of competent jurisdiction." 15 U.S.C. § 1692k(d). FDCPA claims therefore exist outside of bankruptcy. Accordingly, the Debtors' FDCPA claims do not "arise under" the Bankruptcy Code or "arise in" their bankruptcy proceeding. This Court may only hear the Debtors' FDCPA claims if they are "related to" their bankruptcy case.

The Fourth Circuit found that " '[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and [it] in any way impacts upon the handling and administration of the bankruptcy estate.' " *Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 836 (4th Cir.2007) (*quoting OwensIll., Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 625–26 (4th Cir.1997)). There must be a "close nexus" between the claim or proceeding and the bankruptcy case. *Id.* at 836–37. A common factual nexus alone, however, does not convert an unrelated claim to a related one. *Deceder v. Pa. Higher Educ. Credit Mgmt. Corp. (In re Deceder)*, 351 B.R. 261, 267 (Bankr. D.Mass.2006). "Related to" jurisdiction "is not so broad as to encompass litigation of claims arising under state law or non-bankruptcy Federal law that will not have an effect on the bankruptcy estate, simply because one of the litigants filed a petition in bankruptcy." *Gates v. Didonato (In re Gates)*, 2004 WL 3237345, at *2 (Bankr. E.D.Va.2004) (*citing New Horizon of N.Y., LLC v. Jacobs*, 231 F.3d 143 (4th Cir. 2000)).

Recent Fourth Circuit precedent sheds light on the breadth of "related to" jurisdiction. In *Valley Historic*, the Chapter 11 debtor financed the acquisition and renovation of two buildings with a loan secured by the real estate. *Valley Historic*, 486 F.3d at 834. With a little more than a year remaining in the repayment period, the bank notified the debtor that the loan agreement required that the monthly payments increase nearly tenfold in the final year. *Id.* The debtor disagreed and continued making its payments in the pre-notice amount. *Id.* The bank issued a notice of default and the debtor filed a Chapter 11 petition in response. *Id.* The bank's secured claim for breach of contract was allowed, however, the confirmed plan provided that the court would fix and liquidate the bank's claim subject to the debtor's claims and setoffs in an adversary proceeding over which the bankruptcy court would retain jurisdiction. *Id.* The plan did not vest the debtor's potential recovery from the adversary proceeding in the estate. *Id.* The bank's claim was fully satisfied from the sale of the debtor's real estate. *Id.*

After the sale the debtor initiated an adversary proceeding seeking damages for the bank's prepetition breach of contract and tortious interference with the debtor's contractual relationship with its tenant.

---

3. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." § 1692(e).

*Id.* The bank moved the bankruptcy court to dismiss for lack of subject matter jurisdiction. The bankruptcy court held that it had jurisdiction and that the debtor's claims constituted core proceedings. The district court reversed. The Fourth Circuit found that "no conceivable bankruptcy administration purpose to be served by the Debtor's adversary proceeding." *Id.* at 837. The bankruptcy court lacked "related to" jurisdiction over the debtor's claim because the substantially consummated plan did not vest any recovery from the adversary proceeding in the debtor's estate and the debtor's creditors had already been fully satisfied from the proceeds of the sale of the buildings. *Id.* As disposition of the adversary proceeding had no effect on the bankruptcy estate, the bankruptcy court had no power to hear the debtor's state law claims.

In this case, the Debtors' FDCPA claims are not "related to" their bankruptcy proceeding. Numerous bankruptcy courts that have considered the same question agree. *E.g., Gates v. Didonato (In re Gates),* 2004 WL 3237345, at *7 (Bankr. E.D.Va.2004).[4] Any recovery on a post-petition claim under the FDCPA is not property of the bankruptcy estate under section 541(a)(1) of the Bankruptcy Code[5] because the claim did not exist as of the commencement of the case. *See Deceder v. Pa. Higher Educ. Credit Mgmt. Corp. (In re Deceder),* 351 B.R. 261, 266 (Bankr. D.Mass.2006). Thus, the disposition of a post-petition FDCPA claim will have no conceivable effect on a debtor's bankruptcy estate. Here, the Debtors' claims under the FDCPA are not property of the bankruptcy estate because they arose post-petition. Accordingly, and akin to the factual

---

4. *See also Corbett v. Sallie Mae Servicing Corp. (In re Corbett),* 2008 WL 5024975, at *3 (Bankr.D.Ariz.2008) (stating that the court previously dismissed the debtor's post-discharge FDCPA claims upon the defendant's motion to dismiss for lack of subject matter jurisdiction); *Mogg v. Midwest Collection Servs. (In re Mogg),* 2007 WL 2608501, at *3 (Bankr.S.D.Ill.2007); *Shortsleeve v. Centurytel of Ala., LLC (In re Shortsleeve),* 349 B.R. 297, 300 (Bankr.M.D.Ala.2006); *Csondor v. Weinstein, Treiger & Riley, P.S. (In re Csondor),* 309 B.R. 124, 129–30 (Bankr.E.D.Pa.2004); *Delgado v. Educ. Credit Mgmt. Corp. (In re Delgado),* 2003 WL 22388768, at *2 (Bankr.D.N.M. 2003); *Steele v. Ocwen Fed. Bank (In re Steele),* 258 B.R. 319, 322 (Bankr.D.N.H. 2001); *Goldstein v. Marine Midland Bank, N.A. (In re Goldstein),* 201 B.R. 1, 5 (Bankr. D.Me.1996). *But see Gunter v. Columbus Check Cashiers, Inc. (In re Gunter),* 334 B.R. 900, 901 (Bankr.S.D.Ohio 2005) (exercising jurisdiction over claims for violation of the discharge injunction and the FDCPA).

Further, other bankruptcy courts have dismissed a debtor's post-discharge claims under the federal, non-bankruptcy Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., or similar state consumer protection statutes for the lack of subject matter jurisdiction. *E.g., Tor-*

*res v. Chase Bank USA, N.A. (In re Torres),* 367 B.R. 478, 481 (Bankr.S.D.N.Y.2007); *Johnson v. Valley Credit Servs., Inc. (In re Johnston),* 2007 WL 1166017, at *5–6 (Bankr.N.D.W.Va. 2007).

Of note, both the Seventh Circuit and the Ninth Circuit have considered whether the Bankruptcy Code precludes claims under the FDCPA. The Ninth Circuit in *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502 (9th Cir. 2002), found that the debtor's claim against a creditor for an alleged violation of the discharge injunction precluded a simultaneous claim against under the FDCPA. *Id.* at 510–11. The Seventh Circuit held in *Randolph v. IMBS, Inc.,* 368 F.3d 726 (7th Cir.2004), however, that the Bankruptcy Code did not impliedly repeal the FDCPA and that concurrent claims for willful violation of the automatic stay or discharge injunction in bankruptcy and the FDCPA may be maintained by a debtor. *Id.* at 733. This Court need not consider this issue as it does not have jurisdiction to consider the Debtors' FDCPA claims.

5. Section 541(a) of the Bankruptcy Code provides that the bankruptcy estate is created upon commencement of the bankruptcy case and includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

situation in *Valley Historic,* the Debtors' recovery from any violation of the FDCPA will have no effect on the their bankruptcy estate.[6]

Jurisdiction is not vested in this Court solely because the Debtors' FDCPA claims share a common factual nexus with their claim for the Defendants' willful violation of the discharge injunction. The United States Bankruptcy Court for the Eastern District of Virginia concluded in a case almost factually identical to the case at bar that

> even though the FDCPA claims are based on the same conduct that is alleged to have violated the automatic stay and discharge injunction, the court is unable to find that they are "related to" the debtor's bankruptcy case within the meaning of *Section 1334,* since recovery will not, even indirectly, benefit the bankruptcy estate or vindicate a right protected by the Bankruptcy Code.

*Gates,* 2004 WL 3237345, at *7. That this Court has subject matter jurisdiction over the Debtors' discharge injunction claim is therefore inapposite. The Debtors' FDCPA claim is not "related to" their bankruptcy proceeding.

 Further, this Court cannot exercise supplemental jurisdiction under 28 U.S.C. § 1367(a)[7] to hear the Debtors' unrelated FDCPA claim. *Gates,* 2004 WL 3237345, at *3; *see Walker v. The Cadle*

*Co., (Matter of Walker),* 51 F.3d 562, 570 (5th Cir.1995) (holding that a bankruptcy court does not have supplemental jurisdiction to hear non-core, unrelated claims). Pursuant to § 1367(a), district courts may exercise "supplemental jurisdiction" over state law claims if the "relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). However, "the jurisdictional grant in 28 U.S.C. § 1334(b) and 28 U.S.C. § 157, by implication, negates a bankruptcy court's exercise of jurisdiction of a supplemental non-federal claim in instances where that claim has no impact on the bankruptcy estate." *Enron Corp. v. Citigroup, Inc. (In re Enron Corp.),* 353 B.R. 51, 61 (Bankr.S.D.N.Y.2006). The United States Bankruptcy Court for the Southern District of New York concluded in *Enron* that "there is no statutory basis for bankruptcy courts to exercise supplemental jurisdiction under 28 U.S.C. § 1367." [8] *Id.* at 62. Therefore, this Court cannot exercise supplemental jurisdiction over the Debtors' otherwise unrelated FDCPA claims on the sole grounds that it shares a common factual background the Debtors' claim under section 524 of the Bankruptcy Code.

---

**6.** In addition, the Supreme Court suggested in dicta that the jurisdiction of bankruptcy courts may extend more broadly in the context of a Chapter 11 reorganization than a Chapter 7 liquidation. *Celotex Corp. v. Edwards,* 514 U.S. 300, 310, 115 S.Ct. 1493, 1500, 131 L.Ed.2d 403 (1995). The *Valley Historic* decision, limiting "related to" jurisdiction, was within the context of a Chapter 11 proceeding. Here, the Debtors are proceeding under Chapter 7.

**7.** Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have

supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

**8.** Further, if bankruptcy courts are permitted to exercise supplemental jurisdiction over claims that are not "related to" the debtor's bankruptcy case, the grant of "related to" jurisdiction in 28 U.S.C. § 1334(b) would be rendered superfluous. *Johnson v. Valley Credit Services, Inc. (In re Johnston),* 2007 WL 1166017, at *7 (Bankr.N.D.W.Va.2007).

■ In sum, this Court lacks subject matter jurisdiction over the Second Claim in the Debtors' Amended Complaint. A claim under the FDCPA does not "arise under" the Bankruptcy Code or "arise in" a bankruptcy case. The Debtors' FDCPA claims are not "related to" their bankruptcy case, and bankruptcy courts may not exercise supplemental jurisdiction to hear unrelated claims. Accordingly, Rosenberg's Rule 12(b)(1) motion to dismiss for the lack of subject matter jurisdiction must be granted as to the Debtors' Second Claim under the FDCPA.

## II. The Defendants' Motions to Dismiss for Failure to State a Claim

This Court must now decide whether the Debtors' claim that the Defendants violated the discharge injunction survives the Defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), as made applicable to this bankruptcy proceeding by Federal Rule of Bankruptcy Procedure 7012. The Court need not consider the Defendants' Rule 12(b)(6) motions with respect to the Debtors' claims under the FDCPA.

Federal Rule of Civil Procedure 8(a)(2), as made applicable to this bankruptcy proceeding by Bankruptcy Rule 7008, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), however, the complaint must set forth a "plausible entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1967, 167 L.Ed.2d 929 (2007). The Supreme Court in *Bell Atlantic Corporation v. Twombly* further explained:

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964–65 (internal citations and quotation marks omitted); *see Migdal v. Rowe Price–Fleming Int'l,* 248 F.3d 321, 326 (4th Cir.2001) (holding that "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." (internal quotation marks omitted)).

When determining the sufficiency of a complaint challenged by a motion to dismiss, the "complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Bryant v. Washington Mut. Bank,* 524 F.Supp.2d 753, 757 (W.D.Va.2007) (quoting *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 (2d Cir.2002)). Federal Rule of Civil Procedure 10(c), as made applicable to this bankruptcy proceeding by Bankruptcy Rule 7010, provides that "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed.R.Civ.P. 10(c).

■ To state a claim for the willful violation of the discharge injunction, a debtor must show that a creditor's "actions constitute[ ] an 'act . . . to collect . . . [the mortgage loan] as a personal liability of the debtor.'" *Kreeger v. U.S. Bank, N.A. (In re Kreeger),* 2001 Bankr.LEXIS 2193, at *10–11 (Bankr.W.D.Va.2001) (quoting 11 U.S.C. § 524(a)(2)). In addition to "[p]ostdischarge lawsuits," section 524(a)(2) prohibits "any act to collect a discharged debt, whether by letter, phone call or other means." 4 *Collier on Bankruptcy* ¶ 524.02[2][a],[b] (15th ed. rev.

2008); *see* S.R. Rep. No. 95–989, at 5866 (1978), H.R.Rep. No. 95–595, at 6321 (1977) (stating that Congress intended the discharge injunction to be a "total prohibition on debt collection efforts."). To succeed the debtor must "show by [clear and convincing evidence] that the offending ... entity had knowledge [actual or constructive] of the discharge and willfully violated it by continuing with the activity complained of." *Torres v. Chase Bank USA, N.A. (In re Torres)*, 367 B.R. 478, 490 (Bankr.S.D.N.Y.2007) (alteration in original).

The Debtors alleged that the "actions of the Defendants in this case, in seeking to collect payments on a discharged debt by falsely and deceptively attempting to coerce the debtor[,] are in violation of the discharge injunction entered in the [Debtors'] bankruptcy case pursuant to 11 U.S.C. § 524[ ] and constitute contempt of bankruptcy court orders." (Am. Compl.¶ 29.) Specifically, the Debtors alleged that the First EMC Letter, the Second EMC Letter, the Rosenberg Letter, and the Commonwealth Letter were actions to collect a debt as a personal liability of the Debtors. In their memorandum in response to EMC's motion to dismiss, the Debtors cite *Curtis v. LaSalle National Bank (In re Curtis)*, 322 B.R. 470 (Bankr.D.Mass.2005), for the proposition that EMC willfully violated the discharge injunction by sending out notices with knowledge of the Debtors' bankruptcy. (Debtors' Mem. 2.) As copies of the notices in question were attached as exhibits to the Amended Complaint, this Court may consider them as if they were part of the Debtors' pleadings.

 The crux of the Defendants' argument is that they were only attempting to enforce their in rem rights against the Residence. (Rosenberg Mot. to Dismiss ¶¶ 9, 16.) The Defendants rely on the principle that "a bankruptcy discharge of a secured creditor's claim does not affect the status of the creditor's underlying lien on the debtor's property." *Hamlett v. Amsouth Bank (In re Hamlett)*, 322 F.3d 342, 347 (4th Cir.2003) (*citing Long v. Bullard*, 117 U.S. 617, 620–21, 6 S.Ct. 917, 29 L.Ed. 1004 (1886)). Therefore, "liens pass through bankruptcy unaffected .... [and] stay[ ] with the real property until the foreclosure." *Id.* at 348 (*quoting Dewsnup v. Timm*, 502 U.S. 410, 417, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992)).[9] The Defendants point to various excerpts from the notices to show that the Debtors misconstrued their attempt to exercise only their in rem rights in the Debtors' Residence.

EMC cites language from the second paragraph of the 1st EMC Letter, "If you received a bankruptcy discharge that included this debt, this notice is not intended and does not constitute an attempt to collect a debt against you personally. Notice provisions may be contained within your mortgage/deed of trust which notice may be required prior to foreclosure." (EMC Mot. to Dismiss 3–4.) EMC argues that this clearly demonstrates that it was not attempting to collect any discharged debts. EMC also asserts that the 2nd EMC Letter only advised the Debtors that EMC had forwarded the note and deed of trust

9. Both EMC in its motion to dismiss and Rosenberg in its reply memorandum cite the following passage in Judge Stone's opinion in *Kreeger v. U.S. Bank, N.A. (In re Kreeger)*, 2001 Bankr.LEXIS 2193 (Bankr.W.D.Va.2001):

A discharge in bankruptcy does not affect a pre-petition lien running solely against the debtor's property. A bankruptcy discharge extinguishes only in personam claims against the debtor, and generally has no effect on an in rem claim against the debtor's property and a right to foreclose on the lien survives or passes through bankruptcy unaffected by the discharge.

(EMC Mot. to Dismiss 3; Rosenburg Reply Mem. 4 (*citing Kreeger*, 2001 Bankr.LEXIS 2193, at *15–16).)

to an attorney to commence foreclosure proceedings and that the communications "did no more than inform the Debtors of a financial fact of life—that one who is unable or unwilling to make his home mortgage payments will lose that home...." (EMC Mot. to Dismiss 4 (*quoting Kreeger v. U.S. Bank, N.A. (In re Kreeger)*, 2001 Bankr.LEXIS 2193, at *10–11 (Bankr. W.D.Va.2001)).)

Rosenberg quotes an extensive portion of the Rosenberg Letter to support the proposition that it was merely exercising its in rem rights to foreclose on the Debtors' Residence. The most pertinent excerpt being, "If you are currently in bankruptcy or your debt has been discharged in bankruptcy, Rosenberg & Associates, LLC is only exercising its rights against the property and is not attempting to hold you personally liable on the Note." (Rosenberg Mot. to Dismiss ¶ 14.) [10]

Assuming that all allegations in the Amended Complaint are true, this Court holds that the Debtors have demonstrated a plausible entitlement to relief. The Amended Complaint sets forth in sufficient detail the basis upon which the Debtors seek redress. While EMC's in rem rights survive the Debtors' discharge, this Court cannot at this time find that the Defendants did not willfully violate the discharge injunction by attempting to induce payment of the discharged personal obligation

by the Debtors. The Defendants had notice of and participated in the Debtors' bankruptcy proceeding. The notices sent to the Debtors could arguably be considered actions to collect on a discharged debt, and they may be considered by the Court because they are deemed incorporated in the Amended Complaint. The bankruptcy court in *Curtis* found that EMC's mailing of a notice seemingly identical to the 1st EMC Letter, with knowledge of the debtor's discharge in bankruptcy, violated the discharge injunction of section 524. *Curtis v. LaSalle National Bank (In re Curtis)*, 322 B.R. 470, 484–85, 485 n. 21 (Bankr. D.Mass.2005). This Court finds there is no reason to preclude the Debtors from bringing this claim to trial. Similarly, this Court believes that the Rosenberg Letter, informing the Debtors that they owed $120,335.57 and that the failure to pay would result in the institution of foreclosure proceedings, could be deemed an action to collect the loan as a personal liability of the Debtors. Rosenberg failed to demonstrate why this Court should find otherwise. Therefore, the Defendants' motions to dismiss the First Claim of the Debtors' Amended Complaint pursuant to Rule 12(b)(6) should be denied.

## CONCLUSION

This Court lacks subject matter jurisdiction over the Debtors' FDCPA claims be-

---

10. Rosenberg also quoted the following excerpt from the July 24, 2008 letter:

If within thirty (30) days from receipt of this letter you fail to dispute all or part of the debt, the amount recited herein will be assumed as valid. If you notify this office in writing within the thirty (30) days that the debt or any portion thereof is disputed, this office will obtain verification of the debt and a copy of such verification will be mailed to you. Upon your written request within [sic] thirty (30) day period, this office will provide the name and address of the original creditor if different from the current creditor.

If you notify this office in writing within the thirty (30) day period, that the debt or any portion thereof is disputed or request the name and address of the original creditor, we shall cease collection of the debt until we obtain verification [sic] debt or ascertain the name and address of the original creditor. A copy of such verification and/or name and address of the original creditor will be mailed to you. Your failure to contest the validity of the debt under the Act may not be construed by any Court as an admission of liability.

(Rosenberg Mot. to Dismiss ¶ 13.)

cause they are unrelated to their bankruptcy case. That the FDCPA claims share a common factual background with the claim that the Defendants willfully violated the discharge injunction does not provide this Court jurisdiction over these otherwise unrelated claims. Rosenberg's motion to dismiss the Second Claim of the Amended Complaint should be therefore be granted.

This Court may hear and determine the Debtors' claim that the Defendants willfully violated the discharge injunction. Such claim is a core proceeding "arising under" the Bankruptcy Code. Further, the Debtors' First Claim sets forth a plausible entitlement to relief for the Defendants' alleged violation of the discharge injunction. The notices delivered to the Debtors from both EMC and Rosenberg could be considered actions to collect the debt as a personal liability of the Debtors. Both Defendants' motions to dismiss the First Claim of the Amended Complaint should therefore be denied. Accordingly, it is

**ORDERED:**

That EMC's motion to dismiss is hereby DENIED. It is

**FURTHER ORDERED:**

That Rosenberg's motion to dismiss is hereby GRANTED as to the Second Claim of the Debtors' Amended Complaint. Rosenberg's motion to dismiss is hereby DENIED as to the First Claim of the Debtors' Amended Complaint. A further pretrial conference is required with respect to the Debtors' First Claim. Counsel of record should confer and contact chambers to schedule such pretrial conference by telephone conference call.

A copy of this Order is directed to be sent to counsel for the Debtors, C. Connor Crook, Esq., Boyle, Bain, Reback & Slayton, 420 Park Street, Charlottesville, VA 22902; to counsel for EMC Mortgage Corporation, Brandy M. Rapp, Esq., LeClair-

Ryan, P.C., 1800 Wachovia Tower, Drawer 1200, Roanoke, VA 24006; and to counsel for Rosenberg & Associates, LLC, Gregory T. St. Ours, Esq., Wharton, Aldhizer & Weaver, PLC, P.O. Box 20028, 100 South Main Street, Harrisonburg, VA 22801.